**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OSMIN CRUZ-AGUILAR,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-2169

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-310-687)

Submitted: January 27, 1998

Decided: February 12, 1998

Before HALL and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, William J. Howard, Senior Liti-
gation Counsel, John M. McAdams, Jr., Office of Immigration Litiga-
tion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Osmin Cruz-Aguilar seeks review of the order of the Board of Immigration Appeals ("the Board") affirming the decision of the immigration judge ("IJ") and denying him political asylum and withholding of deportation. We affirm.

Cruz-Aguilar is a citizen of Honduras who entered the United States without inspection on or about December 20, 1989. Cruz-Aguilar lived in the town of Huascaran, about two kilometers from the border with El Salvador, with his parents, a brother and a sister. Neither he nor any members of his family were involved in politics or members of any political party. From 1985 to 1987, guerrilla groups involved in the civil war in El Salvador coerced Cruz-Aguilar to repeatedly transport materials into El Salvador. According to Cruz-Aguilar, the guerrillas threatened to harm his family if he did not assist them. In 1988, members of the Honduran Army came to Cruz-Aguilar's home searching for him. Cruz-Aguilar managed to escape; however, his brother was shot and killed also attempting to escape. Cruz-Aguilar never returned to his home. He found a place in the mountains where he could work as a weaver. In 1989, members of the Honduran Army again came to his home in Huascaran looking for him. His sister was injured when grenades were thrown into the home. Cruz-Aguilar subsequently entered the United States.

At the hearing, the IJ found Cruz-Aguilar's testimony credible. However, he concluded that Cruz-Aguilar did not possess an immutable trait or belief adverse to a potential persecutor in Honduras. The IJ also noted that conditions had changed in Honduras to such an extent that Cruz-Aguilar could not have a well-founded fear of persecution.

On appeal, the Board reviewed the record and concurred in the IJ's conclusion that Cruz-Aguilar failed to possess an immutable trait or

2

belief. The Board also took notice of a 1996 profile of Honduras issued by the United States State Department which stated that guerilla activity was no longer present and abuses by the military had dropped significantly.

Our review of the Board's decisions is "narrow, not broad." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). We must uphold a decision if it is supported by substantial evidence, and reversal is appropriate only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). To establish eligibility for a grant of asylum, an alien must demonstrate that he is a refugee within the meaning of the Immigration and Nationality Act ("the Act"). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). Fears which may be well-founded, but do not arise on account of an applicant's race, religion, nationality, membership in a social group, or because of political opinion, do not qualify an alien as a refugee. See Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987).

There was no evidence Cruz-Aguilar possessed any of the enumerated characteristics. In fact, Cruz-Aguilar specifically denied involvement in any political group. Moreover, the evidence does not compel the finding that he feared persecution based upon an imputed political opinion. He failed to establish that the guerillas or the Honduran army actually imputed a political opinion to him. See Sangha v. INS, 103 F.3d 1482 (9th Cir. 1997).

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Cruz-Aguilar has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation.

Cruz-Aguilar contends that he was denied due process because the Board took notice of a 1996 State Department report concerning the

3

changed conditions in Honduras without permitting him an opportunity to respond. This issue is irrelevant because Cruz-Aguilar failed to show that he feared persecution based upon an enumerated characteristic. Furthermore, notice is generally required in only those instances where the noticed facts are material to the Board's decision. See de la Llana-Castellon v. INS, 16 F.3d 1093, 1099 (10th Cir. 1994) (petitioner entitled to due process when noticed facts were dispositive to his claim); Rivera-Cruz v. INS, 948 F.2d 962, 968 (5th Cir. 1991) (petitioner must have an opportunity to respond to crucial facts). In this instance, the 1996 report was not material to the Board's decision. The Board used the noticed facts in the context of a 1995 State Department report which showed a decline in both guerilla activity and military abuses. Cruz-Aguilar had an opportunity to respond to this report because it was part of the record before the IJ. The 1996 report merely showed the trend to be continuing.

Furthermore, Cruz-Aguilar could have moved to reopen the Board's decision in order to respond to the 1996 report. See Gebremichael v. INS, 10 F.3d 28 (1st Cir. 1993) (due process satisfied where motion to reopen is available and petitioner has opportunity to respond); Gutierrez-Rogue v. INS, 954 F.2d 769 (D.C. Cir. 1992) (motion to reopen provides opportunity to challenge officially noticed facts); Rivera-Cruz v. INS, 948 F.2d 962 (5th Cir. 1991) (same); Kaczmarczyk v. INS, 933 F.2d 588 (7th Cir. 1991) (good faith administration of motion to reopen is sufficient to satisfy due process); but see Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir. 1992) (motion to reopen not adequate to satisfy due process). He failed to make use of this opportunity.

Accordingly, we affirm the Board's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4